

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2005

# Zhang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3677

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Zhang v. Atty Gen USA" (2005). *2005 Decisions.* Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  04-3677

JIAN ZHENG ZHANG,

Petitioner

v.

*ALBERTO R. GONZALES, Attorney General
of the United States,

Respondent

*(Amended pursuant to F.R.A.P. 43(c))

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A78-299-072)

Submitted pursuant to Third Circuit LAR 34.1(a)
Friday, September 23, 2005

Before: ROTH, McKEE and FISHER,
Circuit Judges

(Opinion filed: December 13, 2005)

OPINION

McKEE, Circuit Judge.

Jian Zheng Zhang petitions for review of a decision of the Board of Immigration

Appeals affirming the decision of an Immigration Judge in which the IJ denied Zhang's

application for relief from an order of removal.  For the reasons that follow, we will deny

the petition for review.

## I.[1]

Zhang filed an application for asylum, withholding of removal, and protection under the Convention against Torture claiming that he had been under persecution because of his early marriage (at the age of twenty-three) and he feared harm if returned to China.[2]

The IJ found Zhang removable because he lacked a valid entry document[3] and denied his applications for asylum and withholding of removal,[4] and ordered him removed to China. Zhang appealed to the BIA, which affirmed the decision of the IJ without opinion. This timely petition for review followed.[5]

---

[1] Because we write primarily for the parties, we will recite only the facts and procedural history necessary for the disposition of this petition for review.

[2] According to Zhang the legal age for marriage in China is twenty-five for males, but according to the testimony of Harry Hongda Wu, Executive Director, Laogai Research Foundation at the hearing before the House of Representatives Subcommittee on International Operations and Human Rights of the One hundred and Fifth Congress, Second Session, dated June 10, 1998, submitted by Zhang, the actual legal age for males to marry in China is twenty-two.

[3] The IJ did not sustain the second charge for fraudulent entry.

[4] An application for asylum made in deportation/removal proceedings in also considered to be a request for withholding of deportation/removal. *Estrada v. INS*, 775 F.2d 1018, 1020 (9th Cir. 1985)

[5] Since the BIA summarily affirmed the IJ's decision, we review the decision of the IJ as the final decision of the BIA. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (*en banc*). Our review is limited to determining if the IJ's ruling is supported by substantial evidence in the record. *Id*. at 247. We therefore must determine whether a reasonable factfinder could make the

2

## II.

To qualify for asylum, an individual must demonstrate he/she is a "refugee" as defined in 8 U.S.C. § 1101(a)(42)(A). The Attorney General has discretion to grant asylum to an alien who qualifies as a refugee. 8 U.S.C. § 1158(b). The Immigration and Nationalization Act defines "refugee" as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). In order to meet this standard, an alien must possess "a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility." *Chang v. INS*, 119 F.3d 1055,1166 (3d Cir. 1997). "The applicant's statements . . . must be viewed in the context of the relevant background situation. " *Matter of Dass*, 20 I.& N. Dec. 120, 125 (1989). However, an alien does not have to show a clear probability of persecution in order to be granted asylum. As the Supreme Court noted in *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987), "[o]ne can certainly have a well-founded fear of an event happening when there is less than a 50% chance of the occurrence taking place." If an alien establishes that he/she suffered past

---

same determination as the IJ based upon the administrative record that was before the IJ. If so, the record supports the IJ's ruling and we must deny the petition for review. *Id*. at 249.

3

persecution, a rebuttable presumption arises that he/she has a well-founded fear of persecution in the future. 8 C.F.R. § 208.13(b)(1).

To qualify for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), petitioner must establish by "clear probability" that his/her life or freedom would be threatened because of race, religion, nationality, membership in a particular social group, or political opinion if removed to his/her native country. *Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir. 2003). "A clear probability means 'more likely than not.'" *Id.* (quoting *INS v. Stevic*, 467 U.S. 407, 429-30 (1984)).

As stated above, the IJ denied Zhang's claims for asylum and withholding of removal for lack of credibility. That decision was based primarily on several factors. First, the only ground cited for seeking asylum in Zhang's application was that he feared persecution for violating China's family planning policy by marrying too early. A.R. 26-27. In a subsequent statement, Zhang stated that he may be persecuted for practicing Zhaun Gong. Then during his asylum hearing, Zhang stated that he may also be persecuted for leaving China illegally. A.R. 28. The IJ was skeptical of the shifting grounds for Zhang's claims since his initial application had been denied. A.R. 29.

The IJ found that Zhang's asylum application had been prepared with the assistance of counsel and that Zhang had it read to him in his native language before signing it. A.R. 29. Despite these procedures, Zhang insisted on making new, unrelated claims to support his application. A.R. 29-30. The IJ determined that as a result of the various inconsistencies and additional claims to Zhang's asylum application, his

4

applications for asylum, withholding of removal, and protection under the Torture Convention were not credible. A.R. 29,31. The IJ thus denied Zhang's applications for relief and ordered him removed to China. A.R. 31-31.

The IJ's credibility determination is supported by substantial evidence. Accordingly, Zhang has not met his burden of establishing his eligibility for asylum, withholding of removal, or protection under the Torture Convention. The record illustrates several discrepancies in Zhang's testimony following the denial of his initial application. In addition, Zhang has failed to provide any explanation for including the additional grounds after his initial asylum application had been denied. Therefore, a reasonable fact finder could make the same determination as the IJ based upon the administrative record that was before the IJ.

We also conclude that the BIA did not err in affirming the IJ's order without opinion as the claim did not involve a novel fact situation or a question of law. 8 C.F.R. § 1003.01(e)(4).

## III.

For all of these reasons, we will deny the petition for review.